RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Date: 2022.01.14 11:24:09 -04'00'

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | CRIMINAL NO. 19-647(RAM) |
| v. | |
| [1] Edgardo C. Sánchez-Sosa, Defendant. | |

## PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Edgardo C. Sánchez-Sosa, and Defendant's counsel, Diego H. Alcalá-Laboy, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**




Defendant agrees to plead guilty to Counts One and Eleven of the Superseding Indictment:

Count One: Beginning on a date unknown, but not later than August 2019, and continuing to on or about October 2, 2019, in the District of Puerto Rico, and within the jurisdiction of this Court, **[1] Edgardo C. Sánchez-Sosa** and the co-defendants, knowingly and intentionally combined, conspired, confederated and agreed with each, and others known and unknown to the Grand Jury, to commit the following offense against the United States: to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of

cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), and 846.

Count Eleven: On or about December 21, 2018, in the District of Puerto Rico, and within the jurisdiction of this Court, **[1] Edgardo C. Sánchez-Sosa,** being a United States Postal Service officer and employee, did unlawfully delay a package entrusted to him, that is, a parcel with tracking number 9505815897018351172445, and which came into his possession and was intended to be conveyed by mail and carried and delivered by any carrier or other employee of the United States Postal Service, and forwarded through and delivered from any post office or station thereof established by authority of the Postmaster General or the Postal Service. In violation of 18 U.S.C. § 1703(a).




### 2. Stipulation as to the Amount of Narcotics

The United States of America and the defendant stipulate for purposes of this Plea Agreement that the defendant shall be accountable for conspiring to possess with the intent to distribute at least 15 kilograms but less than 50 kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance.

### 3. Maximum Penalties

Count One: The maximum statutory penalty for the offense charged in Count One of the Superseding Indictment, is a term of imprisonment which may not be less than ten (10) years or more than life; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or ten million dollars (10,000,000); and a supervised release term of at least five (5) years, all pursuant to 21 U.S.C.§§ 841(a)(1)

& (b)(1)(A)(ii) and 846.

<u>Count Eleven</u>: The maximum statutory penalty for the offense charged in Count Eleven of the Superseding Indictment, is a term of imprisonment of not more five (5) years, pursuant to 18 U.S.C. § 1703; a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b)(3); a supervised release term of not more than three (3) years, pursuant to 18 U.S.C. § 3583(b)(2).

### 4. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 5. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 6. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form

500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 7. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 8. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNTS ONE AND ELEVEN (Grouped under U.S.S.G. § 3D1.2) 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii); 18 U.S.C. § 1703 | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1 (4) (at least 15 kilograms but less than 50 kilograms of cocaine) | | | | | 32 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| TOTAL ADJUSTED OFFENSE LEVEL | | | | | 29 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 87-108 | 97-121 | 108-135 | 121-151 | 140-175 | 151-188 |

### 9. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request a sentence of imprisonment of 120 months. The defendant acknowledges this count of conviction carries a 120-month minimum mandatory sentence.

As to Count Eleven, the parties agree to request a sentence of 6 months of imprisonment to be served concurrently with Count One.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.



### 10. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 11. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the Guidelines range for the total offense level calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 12. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Diego H. Alcalá-Laboy, Esq., and asserts that counsel has rendered effective legal assistance.



### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that

Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.



e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.



## 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement



No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.



### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror,

to hold public office, and to lawfully possess a firearm.

W. STEPHEN MULDROW
United States Attorney

_____
🖎 Max Pérez-Bouret
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: 1/10/2022

_____
Vanessa E. Bonhomme
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: 1/10/2022

_____
Camille García-Jiménez
Assistant U.S. Attorney
Dated: 1/10/2022

_____
Diego H. Alcala-Laboy
Counsel for Defendant
Dated: 1/12/2022

_____
Edgardo C. Sánchez-Sosa
Defendant
Dated: 1/12/2022

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 1/12/2022

Edgardo C. Sánchez-Sosa
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 1/12/2022

Diego H. Alcalá-Laboy
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Edgardo C Sánchez-Sosa admits that Defendant is guilty as charged in the Indictment and admits the following:

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

Edgardo C. Sánchez-Sosa was a mail handler for the United States Postal Service, in the General Post Office in Hato Rey, Puerto Rico.

Beginning on a date unknown, but not later than August 2019, and continuing to on or about October 2, 2019, Edgardo C. Sánchez-Sosa, knowingly and intentionally combined, conspired, confederated, and agreed with the co-defendants, and others known and unknown, to distribute 5 kilograms or more of cocaine.

Parcels containing cocaine were sent by individuals in Puerto Rico to the United States through the United States Postal Service. Sánchez-Sosa, working as a mail handler, learned how to detect parcels containing cocaine, readdressed the parcels and directed them to route #4 in Canóvanas, Puerto Rico in order to steal the cocaine. Sánchez-Sosa intentionally directed the cocaine filled parcels to Allan Parrilla-Serrano's route. Parrilla-Serrano would direct his employees from route #4, contracted mail carriers Guelvin Benítez and Brian Pérez, to deliver the specific parcels containing cocaine to Sánchez-Sosa.

On October 2, 2019 agents from the United States Postal Service-Office of Inspector General (USPS-OIG) detained Sánchez-Sosa. He admitted stealing parcels containing cocaine and having nine cocaine packages at his residence.

Sánchez-Sosa provided consent to search his residence. Upon arrival, the agents discovered that the packages had been removed from the house by Gellitza Ortiz-Martínez, Sánchez-Sosa's wife. After searching different locations, the agents found and seized 24 kilograms of cocaine.

For purposes of this Plea Agreement, Edgardo C. Sánchez-Sosa acknowledges that he knowingly and intentionally conspired with the co-defendants to possess with intent to distribute at least 5 kilograms but less than 50 kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance.

Edgardo C. Sánchez-Sosa also admits that on December 21, 2018, being a United States Postal Service employee, unlawfully delayed a package with tracking number 9505815897018351172445, entrusted to him, and which came into his possession and was intended to be conveyed by mail and carried and delivered by any carrier or other employee of the United States Postal Service, and forwarded through and delivered from any post office or station thereof established by authority of the Postmaster General or the Postal Service.

At trial, the United States would have proven beyond a reasonable doubt that defendant Edgardo C Sánchez-Sosa is guilty as charged in Counts One and Eleven of the Indictment. Discovery was timely made available to Defendant for review.

_____
Camille García-Jiménez
Assistant U.S. Attorney
Dated: 1/1-/2022

_____
Diego H. Alcalá-Laboy.
Counsel for Defendant
Dated: 1/12/2022

_____
Edgardo C Sánchez-Sosa
Defendant
Dated: _____